# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 17-cv-0392-WJM

JACQUELYN MILTON,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,[1]

    Defendants.

## ORDER AFFIRMING DECISION OF ADMINISTRATIVE LAW JUDGE

This Social Security benefits appeal is brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Plaintiff Jacquelyn Milton ("Milton" or "claimant"), proceeding *pro se*, challenges the final decision of the Social Security Administration ("Administration") denying her application for disability insurance benefits and supplemental security income. The denial was affirmed by an Administrative Law Judge ("ALJ"), who found that Plaintiff was "not disabled under sections 216(i) and 223(d) of the Social Security Act." (Admin. Record ("R") (ECF No. 11) at 22.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Administration for purposes of judicial review. This appeal followed.

For the reasons set forth below, the ALJ's denial of benefits is affirmed.

---

[1] The Social Security Administration no longer has a commissioner or a lawful acting commissioner. *See* Letter from Thomas H. Armstrong, General Counsel of the Government Accountability Office, to President Donald Trump (Mar. 6, 2018), *available at* https://www.gao.gov/assets/700/690502.pdf (last accessed May 23, 2018). Lacking any other alternative, the Court *sua sponte* substitutes the Social Security Administration itself as the proper defendant.

## I. BACKGROUND

Milton was born in 1964, and was 45 years old on the alleged disability onset date. (R. at 20.) She had previously worked as a home health aide and a cashier. (*Id.*)

On September 24, 2013, Milton sought disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. (ECF No. 25 at 2.) Milton alleged disability beginning July 15, 2010 due to multiple impairments, including: memory loss, knee problems, back problems, right shoulder slipping out of its socket, incontinence, and elbow surgeries. (*Id.*; ECF No. 24 at 2.) Milton's application was initially denied on March 17, 2014 and she requested a hearing which was held on June 1, 2015 before ALJ Patricia E. Hartman. (R. at 10.) At the hearing, Milton was represented by attorney Linda S. Kreusel, but her main representative at the time was Evelyn L. Rosenthal, a non-attorney representative. (*Id.*) Plaintiff is no longer represented by either Ms. Kreusel or Ms. Rosenthal and appears *pro se* in this appeal before the Court. (ECF No. 24 at 1.) On August 25, 2015, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[2]

At step one, the ALJ found that Milton had met the insured status requirements of the Social Security Act through December 31, 2016 and that Milton had not engaged

---

[2] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

in substantial gainful activity since March1, 2010, the alleged onset date of her disability. (R. at 12.) The ALJ noted that although Milton had worked as a caregiver for her mother since July 2011, earning $9.00 per hour and working 8.5 hours a week, this work does not qualify as "substantial gainful activity." (*Id.*)

At step two, the ALJ found that Milton suffered from the following severe impairments: degenerative joint disease/ patella maltracking of the bilateral knees post arthroscopy, degenerative changes to the left tibial plateau, lumbar degenerative disc disease with sciatica, and obesity. (*Id.*) The ALJ found that "[t]hese impairments are severe because, individually and in combination, they more than minimally limit the claimant's ability to engage in work-related activity." (R. at 13.) The ALJ also found that Plaintiff had the following non-severe impairments: rosacea, bunions, foot hypermobility, pronated foot, alcohol abuse in remission, and status post bladder surgery.[3]

At step three, the ALJ found that Milton "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" in the Social Security regulations. (R. at 14.) The ALJ explained that "[n]o treating or examining physician has suggested the presence of any impairment or combination of impairments of listing level severity." (*Id.*)

---

[3] The Court also acknowledges that in her Closing Brief (ECF No. 28), Milton attached a health report dated July 3, 2017. Physician Assistant Patricia A. Bolshoun diagnosed Milton with "[s]evere episode of recurrent major depressive disorder, without psychotic features" and ordered ambulatory referral to psychiatry. This information was not presented to the ALJ because this medical visit after the ALJ had filed her decision, and therefore does not undermine the ALJ's decision. The Court, however, is aware of no authority that would prevent Milton from filing a new application for Social Security benefits based on this and her other diagnoses.

Before proceeding to step four, the ALJ assessed Milton's residual functional capacity ("RFC"). The ALJ concluded that Milton "has the residual functional capacity to perform medium work." (R. at 15.) Specifically, the ALJ found that Milton

> can occasionally climb ramps and stairs, but cannot climb ladders or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She cannot work at unprotected height or with dangerous, unprotected machinery or in extreme cold. She is limited to with a maximum SVP of 4.

(*Id.*)

In developing this RFC, the ALJ noted that "[t]he record as a whole is not entirely consistent with the claimant's allegations." (R. at 16.) These inconsistencies include:

- "While the claimant testified that she stopped working in 2010 due, in part, to knee pain, the record does not show that she reported consistent knee pain until after she injured her knee in February 2013." (*Id.*)

- "The record does not show that the claimant sought any further treatment until November 2010, weighing against finding her disabled since March 2010." (*Id.*)

- "At her physical consultative examination, the claimant had adequate attention and concentration. . . . She did not report problems with memory with any consistency to treating sources, weighing against this allegation as well." (R. at 17.)

- "While the claimant stated that she could only stand 10 minutes, she reported exercising with Jillian Michaels DVDs after she injured her knee jumping a snowbank, which is not entirely consistent with her allegations." (*Id.*)

- "In October 2013, the claimant denied having any limitations lifting due to her impairments and denied limitations walking, only suggesting an inability to climb

4

- stairs, weighing against the credibility of her reported walking and lifting limitations." (*Id.*)

- "The claimant's activities of daily living are not entirely consistent with her allegations. While she reported having poor memory, she works as a caregiver for her mother, which requires her to remind her mother to perform personal care tasks and she has to set up appointments for her mother." (*Id.*)

Thus, the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." (R. at 15.)

Next, at step four, the ALJ concluded that Milton is capable of performing past relevant work as a home health aide and cashier II. (R. at 20.) This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. Moreover, the ALJ went on to step five and found that, "[i]n the alternative, considering the claimant's age, education, work experience, and residual functional capacity, other jobs exist in significant numbers in the national economy that the claimant can perform." (*Id.*) The vocational expert testified that, Milton's RFC would permit her to perform the requirements of representative occupations, such as laundry worker, cleaner/housekeeper, and production assembly jobs. (R. at 21.)

Accordingly, the ALJ found that Milton can make a successful adjustment to other work that exists in significant numbers in the national economy. Thus, the ALJ found that Milton "has not been under a disability, as defined in the Social Security Act, from march 1, 2010, through the date of this decision." (R. at 22.)

## II. STANDARD OF REVIEW

The Court reviews the Social Security Administration's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. "It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

Because Plaintiff is proceeding *pro se*, the Court must liberally construe her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of court procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

On appeal, Milton restates her alleged impairments and explains that while she is receiving food stamps and Temporary Assistance for Needy Families (TANF) benefits, these funds are about to run out. (ECF No. 24 at 2–3.) She explains that she

has had to move in with her son and his family, because she can no longer afford her own accommodation. (*Id.*) Milton states, "I remember this has been the worst and hardest few years[,] trying to get my benefits. I've lost so much." (ECF No. 28 at 2.)

While Milton claims to be struggling financially, she does not argue that the ALJ made a reversible error on the merits of her claims. Upon reviewing the ALJ's decision, the Court finds that the ALJ's factual findings are indeed supported by substantial evidence in the record as a whole and the ALJ applied the correct legal standards. Accordingly, the Court affirms the Social Security Administration's decision. As shown by the Court's summary of the ALJ's RFC analysis (See Part I), the documentation in the record does not support Milton's claimed impairments.

Again, however, although Milton does not now qualify for Social Security benefits, she may qualify for DIB and SSI at a later time if her impairments continue to deteriorate. She may apply to the Social Security Administration for benefits at such time, and make use of additional or new evidence in support of her claim, evidence which is not properly before the Court in the context of the instant appeal.

## IV. CONCLUSION

For the reasons set forth above, the Social Security Administration's decision is AFFIRMED. The Clerk shall enter judgment in favor of Defendant and against Plaintiff, and shall terminate this case. The parties shall bear their own costs.

Dated this 30th day of July, 2018.

BY THE COURT:

William J. Martinez
United States District Judge